JUDGE NATHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RED HOOK CONTAINER TERMINAL, LLC,

                Plaintiff,                           15 Civ. _____ (   )

      -against-

SOUTH PACIFIC SHIPPING CO. LTD.
and ECUADORIAN LINE, INC.,



                Defendants.
------------------------------------------------------------X

        Plaintiff Red Hook Container Terminal, LLC ("RHCT"), by its undersigned attorneys, Clyde & Co US LLP, complaining of the defendants South Pacific Shipping Co. Ltd. ("South Pacific") and Ecuadorian Line, Inc. ("Ecuadorian Line") herein, alleges upon information and belief as follows:

## JURISDICTION AND VENUE

        1.     This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, in that it involves claims for breach of a maritime contract for stevedoring and terminal services.

        2.     The Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action between a citizen or subject of a foreign state and a citizen of a State and the amount in controversy exceeds $75,000, exclusive of interest and costs.

        3.     Venue and personal jurisdiction are proper as a result of the forum selection clause stated in the New York Terminal Conference Marine Terminal Schedule No.

011408 dated August 16, 2013 (the "NYTC Tariff"), and all schedules and amendments thereto, in effect at all relevant times.

4. The defendants are also subject to the Court's personal jurisdiction due to the continuous and systematic contacts of South Pacific and Ecuadorian Line within this District and the State of New York.

## THE PARTIES

5. At all relevant times, plaintiff RHCT was and now is a limited liability company organized and existing under the laws of the State of New York with an office and place of business at 70 Hamilton Avenue, Brooklyn, New York 11231.

6. RHCT is engaged in the business of marine terminal operation and stevedoring, including, but not limited to the berthing, discharge and handling of vessels carrying cargoes in the navigable waters of the United States, and owns and operates Red Hook Container Terminal at Red Hook, New York and Newark, New Jersey (the "Terminal").

7. At all relevant times, defendant South Pacific was and now is a corporation organized and existing under the laws of Bermuda with an office and place of business at 60 Park Place, 14th Floor, Newark, New Jersey 07102, and at all relevant times was, is, and/or will be doing business in this District and within the jurisdiction of this Honorable Court.

8. At all relevant times, South Pacific owned and/or operated vessels engaged in the ocean carriage of perishable cargoes to various ports in the United States, including the port of New York.

9. At all relevant times, defendant Ecuadorian Line was and now is a corporation organized and existing under the laws of Delaware with an office and place of

2

business at 60 Park Place, 14th Floor, Newark, New Jersey 07102, and at all relevant times was, is, and/or will be doing business in this District and within the jurisdiction of this Honorable Court, and was and is registered to do business in the State of New York.

10. At all relevant times, Ecuadorian Line owned and/or operated vessels engaged in the ocean carriage of perishable cargoes to various ports in the United States, including the port of New York.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

11. During 2010, American Stevedoring, Inc. ("ASI") entered into an agreement with South Pacific and Ecuadorian Line to provide terminal and stevedoring services to South Pacific and Ecuadorian Line, including the discharge, handling and storage of perishable fruit and equipment from vessels owned and/or operated by South Pacific and Ecuadorian Line (the "Agreement").

12. The Agreement had an effective date of January 1, 2011, and would expire by its own terms on September 30, 2015, unless one of the parties exercised an option to terminate the Agreement.

13. The Agreement also contained "Rate and Service Schedules" for the stevedoring and terminal services provided by ASI to South Pacific and Ecuadorian Line (the "Rate Schedule").

14. In or about September 2011, RHCT assumed the rights of ASI under the Agreement with South Pacific and Ecuadorian Line.

15. Between July 2013 and November 2013, the M/V ALBEMARLE ISLAND, M/V BARRINGTON ISLAND, M/V CHARLES ISLAND, M/V DUNCAN ISLAND

and M/V HOOD ISLAND (collectively, the "Vessels"), called at RHCT's Terminal for stevedoring and terminal services including, but not limited to the discharge, handling and storage of perishable fruit and equipment from the Vessels.

16. At all material times, South Pacific and Ecuadorian Line owned, chartered, operated and/or managed the Vessels and operated the Vessels in the common and/or private carriage of goods by water for hire between various ports of the world, including the port of New York.

17. Between July 2013 and November 2013, RHCT provided stevedoring and terminal services to the Vessels in accordance with the parties' Agreement, including, but not limited to the discharge, handling and storage of perishable fruit and equipment from the Vessels.

18. South Pacific and Ecuadorian Line are obligated to pay RHCT for the stevedoring and terminal services provided to the Vessels in accordance with the Rate Schedule set forth in the Agreement.

19. South Pacific and Ecuadorian Line have failed to pay RHCT the amounts owed for the stevedoring and terminal services provided to the Vessels pursuant to the express terms of the Agreement and Rate Schedule, despite repeated demands that South Pacific and Ecuadorian Line do so.

20. The failure of South Pacific and Ecuadorian Line to pay RHCT the amounts owed for the stevedoring and terminal services provided to the Vessels constitutes a material breach of the parties' Agreement and Rate Schedule.

21. As a result of the breach by South Pacific and Ecuadorian Line, RHCT has sustained damages in the sum of $309,891.00, no part of which has been paid.

22. All conditions precedent required of RHCT have been performed.

## SECOND CAUSE OF ACTION: BREACH OF CONTRACT

23. RHCT repeats and realleges each and every allegation contained in paragraphs 1-22 herein with the same force and effect as if set forth at length.

24. Pursuant to Addendum H of the Rate Schedule, South Pacific and Ecuadorian Line are obligated to pay RHCT $80,000.00 if South Pacific and/or Ecuadorian Line exercised the option to terminate the Agreement in Year 4 of the Agreement, *i.e.*, from October 1, 2013 to September 30, 2014 (the "Termination Fee").

25. Ecuadorian Line terminated the Agreement with RHCT in Year 4 of the Agreement, and thus is obligated to pay RHCT the Termination Fee pursuant to the Agreement and Rate Schedule.

26. South Pacific and Ecuadorian Line have failed to pay RHCT the Termination Fee pursuant to the express terms of the Agreement and Rate Schedule, despite repeated demands that South Pacific and Ecuadorian Line do so.

27. The failure of South Pacific and Ecuadorian Line to pay the Termination Fee constitutes a material breach of the parties' Agreement and the Rate Schedule.

28. As a result of the breach by South Pacific and Ecuadorian Line, RHCT has sustained damages in the sum of $80,000.00, no part of which has been paid.

29. All conditions precedent required of RHCT have been performed.

## THIRD CAUSE OF ACTION: BREACH OF NEW YORK TERMINAL CONFERENCE TARIFF

30. RHCT repeats and realleges each and every allegation contained in

paragraphs 1-29 herein with the same force and effect as if set forth at length.

31. RHCT is a participating terminal operator in the New York Terminal Conference.

32. The NYTC Tariff is published annually by the Federal Maritime Commission, and constitutes a contract between participating terminal operators, including RHCT, and terminal users, including South Pacific and Ecuadorian Line, for stevedoring and terminal operations, and other services, within the port of New York.

33. From in or about April 2012 to November 2013, South Pacific and Ecuadorian Line discharged from vessels owned and/or operated by South Pacific and Ecuadorian Line the following equipment at RHCT's Terminal: (a) seventy-two (72) high cube refrigerated shipping containers; (b) seventy-two (72) gooseneck frame, tandem axle chassis; and (c) forty (40) under mounted diesel powered portable generator units (the "Equipment").

34. Upon information and belief, the Equipment is owned or leased by South Pacific and/or Ecuadorian Line.

35. South Pacific and Ecuadorian Line have failed to remove the Equipment from the Terminal within the amount of free time allowed for South Pacific and Ecuadorian Line to do so under the NYTC Tariff.

36. Accordingly, RHCT has been charging South Pacific and Ecuadorian Line demurrage on the Equipment on a weekly basis pursuant to the rates set forth in Section V(4)(B) of the NYTC Tariff, which provides in relevant part: "Empty containers exceeding 20 feet in length or chassis in excess of 20 feet in length, a charge of $97.00 each day for the first (30) thirty calendar days after the expiration of free time and $190.00 each per calendar day per container and/or chassis thereafter."

37. Section V(6)(B) of the NYTC Tariff provides in relevant part:

UNDELIVERED CONTAINERS AND/OR CHASSIS

B. Containers and/or chassis remaining on the terminal in excess of sixty (60) days will be considered as abandoned and may be sold at public auction for collection of charges due NYTC. Ten days prior to such sale, a registered letter of notice will be sent to the terminal users or NYTC will take other reasonable steps to advise those terminal users of whose interest in the equipment he is aware. Net proceeds of such sale less expense will be held in a separate fund established by NYTC out of which NYTC shall be paid his charges.

38. South Pacific and Ecuadorian Line have abandoned the Equipment left at RHCT's Terminal pursuant to Section V(6)(B) of the NYTC Tariff.

39. South Pacific and Ecuadorian Line have failed to pay RHCT the demurrage owed on the Equipment pursuant to the express terms of the NYTC Tariff, despite repeated demands that South Pacific and Ecuadorian Line do so.

40. The failure of South Pacific and Ecuadorian Line to pay demurrage on the Equipment constitutes a material breach of the parties' contract pursuant to the express terms of the NYTC Tariff.

41. As a result of the breach by South Pacific and Ecuadorian Line, RHCT has sustained damages in the sum of $12,890,804.00, no part of which has been paid.

42. All conditions precedent required of RHCT have been performed.

**WHEREFORE**, plaintiff prays that this Honorable Court:

1. Enter judgment in the sum of at least $13,280,695.00 in favor of plaintiff and against the defendants, together with interest, costs and attorneys' fees;

2. Order that the Equipment may be sold pursuant to the terms of the NYTC Tariff, and that the proceeds of any sale shall be used to satisfy the judgment against defendants

herein; and

3. That the plaintiff be granted such other and further relief as this Court may deem just and proper in the premises.

Dated: New York, New York
February 27, 2015

CLYDE & CO US LLP

By: /s/ John R. Keough
John R. Keough, III
Casey D. Burlage
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
Tel.: (212) 710-3900
Fax: (212) 710-3950

*Attorneys for Plaintiff*
*Red Hook Container Terminal, LLC*